# Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
PATRIARCH PARTNERS MANAGEMENT : 
GROUP, LLC, and PATRIARCH PARTNERS :
AGENCY SERVICES, LLC, :
:
                       Plaintiffs, :
:
     -against- : Index No. _____
:
: **SUMMONS**
IMG HOLDINGS, INC., DANA CLASSIC :
FRAGRANCES, INC, INTER-MARKETING :
GROUP, INC., DANA FRAGRANCE BRANDS, :
LLC, IMG FRAGRANCE BRANDS, LLC and :
ST. HONORE HOLDING, INC. :
                       Defendants. :
:
------------------------------------------------------------x

To the above-named defendants:

  IMG HOLDINGS, INC.
  DANA CLASSIC FRAGRANCES, INC
  INTER-MARKETING GROUP, INC.
  DANA FRAGRANCE BRANDS
  IMG FRAGRANCE BRANDS, LLC
  ST. HONORE HOLDING, INC.

      You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the amended complaint.

The basis of venue is the residence of Plaintiffs Patriarch Partners Management Group, LLC and Patriarch Partners Agency Services, LLC, which is 1 Liberty Street, New York, New York 10006, a forum selection clause, and because a substantial part of the events or omissions giving rise to this action occurred in New York County, pursuant to CPLR 501 and 503 (a), (d).

Dated:     July 14, 2020
               New York, New York

                         ALLEGAERT BERGER & VOGEL LLP

                         By:    /s/ David A. Berger
                               David A. Berger
                               John S. Craig
                               Bianca Lin

                        111 Broadway, 20th Floor
                        New York, New York 10006
                        (212) 571-0550

                        *Attorneys for Plaintiffs*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
PATRIARCH PARTNERS MANAGEMENT :
GROUP, LLC, and PATRIARCH PARTNERS :
AGENCY SERVICES, LLC, :
　　　　　　　　　　　　　　　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　Plaintiffs, :
　　　　　　　　　　　　　　　　　　　　　　　　　 :
　　　　　　　-against- : Index No. _____
　　　　　　　　　　　　　　　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　　　　　　 : **COMPLAINT**
IMG HOLDINGS, INC., DANA CLASSIC :
FRAGRANCES, INC, INTER-MARKETING :
GROUP, INC., DANA FRAGRANCE BRANDS, :
LLC, IMG FRAGRANCE BRANDS, LLC and :
ST. HONORE HOLDING, INC. :
　　　　　　　　　　　　　　　　　Defendants. :
　　　　　　　　　　　　　　　　　　　　　　　　　 :
------------------------------------------------------------x

Plaintiffs Patriarch Partners Management Group, LLC ("PPMG") and Patriarch Partners Agency Services, LLC ("PPAS", and together with PPMG, "Plaintiffs"), by and through its undersigned attorneys, Allegaert Berger & Vogel LLP, as and for its Complaint against Defendants IMG Holdings, Inc. ("IMG"), Dana Classic Fragrances Inc. (Dana U.S.), Inter-Marketing Group, Inc. ("Inter-Marketing"), Dana Fragrance Brands, LLC ("Dana Fragrance"), IMG Fragrance Brands, LLC (IMG Fragrance) and St. Honore Holding, Inc. ("St. Honore," collectively, "Defendants"), states upon knowledge with respect to its own acts and status, and upon information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1.　　　This is a straightforward action arising from Defendants' failure to pay PPMG for amounts due and owing under a Management Services Agreement, dated as of January 25, 2011, as amended as of October 1, 2015 (the "MSA"), for management and operational consulting and

1

other services (and associated expenses) duly provided to Defendants, and failure to pay PPAS for amounts due and owing under a Third Amended and Restated Loan and Security Agreement, dated as of January 15, 2009, as amended (the "Credit Agreement"), for administrative agency services. Plaintiffs have made due demand of Defendants for the amounts outstanding to no avail, thereby necessitating commencement of this action for breach of contract and related relief.

## THE PARTIES

2. Plaintiff Patriarch Partners Management Group, LLC is a Delaware limited liability company with its principal place of business in New York, New York.

3. Plaintiff Patriarch Partners Agency Services, LLC is a Delaware limited liability company with its principal place of business in New York, New York.

4. Defendant IMG Holdings, Inc. is a New York corporation with its principal place of business in New York, New York.

5. Defendant Dana Classic Fragrances Inc. is a Delaware corporation with its principal place of business in New York, New York.

6. Defendant Inter-Marketing Group, Inc. is a Florida corporation with its principal place of business in New York, New York.

7. Defendant Dana Fragrance Brands, LLC is a Delaware limited liability company with its principal place of business in New York New York.

8. Defendant IMG Fragrance Brands, LLC is a Delaware limited liability company with its principal place of business in New York New York.

9. Defendant St. Honore Holding, Inc. is a Delaware corporation with its principal place of business in New York, New York.

NYSCEF DOC. NO. 1
INDEX NO. 653095/2020
RECEIVED NYSCEF: 07/14/2020

Case 1:20-cv-06946-UA   Document 1-1   Filed 08/27/20   Page 6 of 19

## PERSONAL JURISDICTION AND VENUE

10. This Court has personal jurisdiction over Defendants because, pursuant to Section 10 of the MSA and Section 13 of the Credit Agreement, respectively, Defendants have irrevocably submitted to the exclusive jurisdiction of the state or federal courts in the City of New York with respect to any action or proceeding arising out of or relating to each such agreement, and have waived any defense of an inconvenient forum to the maintenance of any such action.

11. Venue is proper in New York County, pursuant to CPLR § 501, because the parties elected such venue in Section 10 of the MSA and in Section 13 of the Credit Agreement, and pursuant to CPLR § 503(a), in that Plaintiffs' principal places of business are in New York County, and a substantial part of the events or omissions giving rise to this action occurred in New York County.

## STATEMENT OF FACTS

**Defendants' Breach of the MSA**

12. Pursuant to the MSA, Defendants engaged PPMG to provide certain management, operational consulting and other services (the "Services") to it, as specified in Section 1 of the MSA. PPMG duly provided the Services to Defendants for a period of more than nine years, commencing in or about January 2011.

13. PPMG regularly submitted invoices for the Services it provided to Defendants, as well as for reasonable expenses incurred in connection therewith, which Defendants are jointly and severally obligated to pay under Section 3 of the MSA. Defendants have never rejected, returned, or objected to any of the invoices, and, following due demand, have failed to fully pay 95 of them (the "MSA Invoices"). The total of the amount of the unpaid Invoices is $3,114,487.47.

14. A summary of the outstanding MSA Invoices is as follows, with amounts that have been partially paid, is as follows:

|    | Invoice Date | Invoice Amount | Amount Paid | Balance |
|----|--------------|----------------|-------------|---------|
| 1  | 7/18/13      | $880.00        | $0.00       | $880.00 |
| 2  | 7/24/2013    | $880.00        | $0.00       | $880.00 |
| 3  | 6/23/2014    | $1,127.00      | $0.00       | $1,127.00 |
| 4  | 6/24/2014    | $880.00        | $0.00       | $880.00 |
| 5  | 9/11/2014    | $1,963.00      | $0.00       | $1,963.00 |
| 6  | 11/4/2014    | $329.59        | $0.00       | $329.59 |
| 7  | 11/5/2014    | $335.32        | $0.00       | $335.32 |
| 8  | 11/6/2014    | $354.50        | $0.00       | $354.50 |
| 9  | 11/13/2014   | $272.85        | $0.00       | $272.85 |
| 10 | 1/14/2015    | $7,193.00      | $0.00       | $7,193.00 |
| 11 | 5/6/2015     | $10,294.00     | $0.00       | $10,294.00 |
| 12 | 8/17/2015    | $2,601.00      | $0.00       | $2,601.00 |
| 13 | 10/1/2015    | $50,000.00     | $45,000.00  | $5,000.00 |
| 14 | 11/1/2015    | $50,000.00     | $0.00       | $50,000.00 |
| 15 | 11/5/2015    | $867.00        | $0.00       | $867.00 |
| 16 | 12/1/2015    | $50,000.00     | $0.00       | $50,000.00 |
| 17 | 1/1/2016     | $50,000.00     | $0.00       | $50,000.00 |
| 18 | 1/28/2016    | $303.21        | $0.00       | $303.21 |
| 19 | 2/1/2016     | $50,000.00     | $0.00       | $50,000.00 |
| 20 | 2/3/2016     | $5,213.00      | $0.00       | $5,213.00 |
| 21 | 3/1/2016     | $50,000.00     | $0.00       | $50,000.00 |
| 22 | 4/1/2016     | $50,000.00     | $0.00       | $50,000.00 |
| 23 | 4/20/2016    | $9,855.00      | $0.00       | $9,855.00 |
| 24 | 5/1/2016     | $50,000.00     | $0.00       | $50,000.00 |
| 25 | 5/9/2016     | $5,934.94      | $0.00       | $5,934.94 |
| 26 | 6/1/2016     | $50,000.00     | $0.00       | $50,000.00 |
| 27 | 6/3/2016     | $880.00        | $0.00       | $880.00 |
| 28 | 7/1/2016     | $50,000.00     | $0.00       | $50,000.00 |
| 29 | 7/31/2016    | $2,843.00      | $0.00       | $2,843.00 |
| 30 | 8/1/2016     | $50,000.00     | $0.00       | $50,000.00 |
| 31 | 8/12/2016    | $573.93        | $0.00       | $573.93 |
| 32 | 8/23/2016    | $566.05        | $0.00       | $566.05 |
| 33 | 9/1/2016     | $50,000.00     | $0.00       | $50,000.00 |
| 34 | 10/1/2016    | $50,000.00     | $0.00       | $50,000.00 |
| 35 | 10/26/2016   | $6,440.00      | $0.00       | $6,440.00 |
| 36 | 11/1/2016    | $50,000.00     | $0.00       | $50,000.00 |
| 37 | 12/1/2016    | $50,000.00     | $0.00       | $50,000.00 |
| 38 | 12/8/2016    | $17,498.86     | $0.00       | $17,498.86 |

|    | Invoice Date | Invoice Amount | Amount Paid | Balance |
|----|---|---|---|---|
| 39 | 1/1/2017 | $50,000.00 | $0.00 | $50,000.00 |
| 40 | 2/1/2017 | $50,000.00 | $0.00 | $50,000.00 |
| 41 | 3/1/2017 | $50,000.00 | $0.00 | $50,000.00 |
| 42 | 4/1/2017 | $50,000.00 | $0.00 | $50,000.00 |
| 43 | 4/19/2017 | $3,012.46 | $0.00 | $3,012.46 |
| 44 | 5/1/2017 | $50,000.00 | $0.00 | $50,000.00 |
| 45 | 6/1/2017 | $50,000.00 | $0.00 | $50,000.00 |
| 46 | 7/1/2017 | $50,000.00 | $0.00 | $50,000.00 |
| 47 | 7/31/2017 | $2,215.91 | $0.00 | $2,215.91 |
| 48 | 8/1/2017 | $50,000.00 | $0.00 | $50,000.00 |
| 49 | 8/1/2017 | $959.33 | $0.00 | $959.33 |
| 50 | 9/1/2017 | $50,000.00 | $0.00 | $50,000.00 |
| 51 | 9/26/2017 | $20,966.57 | $0.00 | $20,966.57 |
| 52 | 10/1/2017 | $50,000.00 | $0.00 | $50,000.00 |
| 53 | 11/1/2017 | $50,000.00 | $0.00 | $50,000.00 |
| 54 | 11/10/2017 | $1,853.00 | $0.00 | $1,853.00 |
| 55 | 12/1/2017 | $50,000.00 | $0.00 | $50,000.00 |
| 56 | 1/1/2018 | $50,000.00 | $0.00 | $50,000.00 |
| 57 | 2/1/2018 | $50,000.00 | $0.00 | $50,000.00 |
| 58 | 3/1/2018 | $50,000.00 | $0.00 | $50,000.00 |
| 59 | 3/7/2018 | $440.00 | $0.00 | $440.00 |
| 60 | 4/1/2018 | $50,000.00 | $0.00 | $50,000.00 |
| 61 | 5/1/2018 | $50,000.00 | $0.00 | $50,000.00 |
| 62 | 6/1/2018 | $50,000.00 | $0.00 | $50,000.00 |
| 63 | 6/8/2018 | $7,172.00 | $0.00 | $7,172.00 |
| 64 | 7/1/2018 | $50,000.00 | $0.00 | $50,000.00 |
| 65 | 8/1/2018 | $50,000.00 | $0.00 | $50,000.00 |
| 66 | 9/1/2018 | $19,279.35 | $0.00 | $19,279.35 |
| 67 | 9/1/2018 | $8,422.00 | $0.00 | $8,422.00 |
| 68 | 9/1/2018 | $50,000.00 | $0.00 | $50,000.00 |
| 69 | 10/1/2018 | $50,000.00 | $0.00 | $50,000.00 |
| 70 | 11/1/2018 | $50,000.00 | $0.00 | $50,000.00 |
| 71 | 11/29/2018 | $23,522.00 | $0.00 | $23,522.00 |
| 72 | 11/30/2018 | $2,330.25 | $0.00 | $2,330.25 |
| 73 | 12/1/2018 | $50,000.00 | $0.00 | $50,000.00 |
| 74 | 12/31/2018 | $72,033.00 | $0.00 | $72,033.00 |
| 75 | 1/1/2019 | $50,000.00 | $0.00 | $50,000.00 |
| 76 | 2/1/2019 | $50,000.00 | $0.00 | $50,000.00 |
| 77 | 2/21/2019 | $19,511.00 | $0.00 | $19,511.00 |
| 78 | 3/1/2019 | $50,000.00 | $0.00 | $50,000.00 |
| 79 | 4/1/2019 | $50,000.00 | $0.00 | $50,000.00 |
| 80 | 5/1/2019 | $50,000.00 | $0.00 | $50,000.00 |

|    | Invoice Date | Invoice Amount | Amount Paid | Balance |
|----|--------------|----------------|-------------|---------|
| 81 | 5/17/2019    | $31,886.40     | $0.00       | $31,886.40 |
| 82 | 6/1/2019     | $50,000.00     | $0.00       | $50,000.00 |
| 83 | 7/1/2019     | $50,000.00     | $0.00       | $50,000.00 |
| 84 | 8/1/2019     | $50,000.00     | $0.00       | $50,000.00 |
| 85 | 8/1/2019     | $39,978.95     | $0.00       | $39,978.95 |
| 86 | 9/1/2019     | $50,000.00     | $0.00       | $50,000.00 |
| 87 | 10/1/2019    | $50,000.00     | $0.00       | $50,000.00 |
| 88 | 11/1/2019    | $50,000.00     | $0.00       | $50,000.00 |
| 89 | 11/13/2019   | $47,719.00     | $0.00       | $47,719.00 |
| 90 | 12/1/2019    | $50,000.00     | $0.00       | $50,000.00 |
| 91 | 1/1/2020     | $50,000.00     | $0.00       | $50,000.00 |
| 92 | 1/22/2020    | $29,964.00     | $0.00       | $29,964.00 |
| 93 | 1/31/2020    | $50,137.00     | $0.00       | $50,137.00 |
| 94 | 2/1/2020     | $50,000.00     | $0.00       | $50,000.00 |
| 95 | 3/1/2020     | $50,000.00     | $0.00       | $50,000.00 |
|    |              |                | Total:      | $3,114,487.47 |

15. Defendants are also jointly and severally obligated under the terms of the MSA to indemnify PPMG for all costs, disbursements, and fees (including attorney's fees) in connection with this action because this action has been caused by, relates to, is based upon or otherwise arises out of or in connection with the engagement of PPMG under the MSA or in connection with Services provided thereunder.

16. PPMG has duly performed all obligations required of it under the MSA.

### Defendants' Breach of the Credit Agreement

17. Under the Credit Agreement, certain loans were made to Defendants Dana U.S. and Inter-Marketing (collectively, the "Borrowers"). Defendants IMG, Dana Fragrance, IMG Fragrance and St. Honore (collectively, the "Guarantors") gave a security interest to PPAS to secure Borrowers' performance under the Credit Agreement

18. In the Credit Agreement, PPAS was appointed to act as administrative agent thereunder. Pursuant to Amendment No. 6 to the Credit Agreement ("Amendment No. 6"), dated December 20, 2010, under Section 2.11(a), Borrowers agreed to pay PPAS an annual

NYSCEF DOC. NO. 1
INDEX NO. 653095/2020
RECEIVED NYSCEF: 07/14/2020
Case 1:20-cv-06946-UA   Document 1-1   Filed 08/27/20   Page 10 of 19

"Agent Fee" of $75,000 for providing administrative services ("Administrative Services") as set forth in the Credit Agreement.

19. PPAS has duly performed all obligations required of it under the Credit Agreement.

20. Section 15.3 of the Credit Agreement further provided that "No failure by Agent . . . to exercise any right . . . under this Agreement or any other Loan Document . . . will operate as a waiver." Credit Agreement § 15.3.

21. The Credit Agreement is governed by New York law pursuant to Section 13(a) of the Credit Agreement and contains a forum selection provision requiring any action to be brought in either a state or federal court in New York County, Credit Agreement § 13(b).

22. PPAS regularly submitted invoices to Defendants for the Administrative Services, as well as for reasonable expenses incurred in connection therewith, which Defendants were obligated to pay under Sections 2.4 and 2.11(a) of the Credit Agreement. Defendants have never rejected, returned, or objected to any of the invoices.

23. On January 1, 2015, January 1, 2016, January 1, 2017, January 1, 2018 and January 1, 2019, PPAS sent Defendants five invoices, each for $75,000, totaling $375,000, for PPAS's annual Agent Fees (the "Credit Agreement Invoices") pursuant to Sections 2.4 and 2.11(a) of the Credit Agreement. Defendants have never rejected, returned, or objected to the Credit Agreement Invoices, and, following due demand, have failed to pay the Credit Agreement Invoices.

24. In breach of their clear obligations under the Credit Agreement, respectively, Defendants have failed to pay PPAS agent fees in the amount of $375,000.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Breach of Contract on Behalf of PPMG )**

25. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

26. Under the terms of the MSA, Defendants were jointly and severally obligated to pay PPMG fees for, and to reimburse PPMG for reasonable expenses incurred in connection with, the Services.

27. PPMG duly provided the Services and incurred reasonable expenses in connection therewith, and has otherwise performed all of its obligations under the MSA, and is thereby entitled to payment for the Services, reimbursement of its reasonable expenses incurred, and interest in connection therewith, all as provided for in the MSA.

28. Defendants have failed to pay for the Services rendered and reasonable expenses incurred therewith in an amount of at least $3,114,487.47, in material breach of the MSA.

29. As a direct and proximate result of Defendants' material breach of the MSA, PPMG has suffered, and continues to suffer, injury, including damages of at least $3,114,487.47, in addition to applicable interest, costs of suit (including attorney's fees) and other damages to which it is entitled.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Account Stated on Behalf of PPMG)**

30. Plaintiffs repeat and reallege the foregoing paragraphs as if fully stated herein.

31. PPMG provided the Services to Defendants and incurred reasonable expenses in connection therewith, and duly presented its statement of account regularly as set forth in the MSA Invoices regularly submitted to Defendants.

32. Defendants received and retained each such statement of account in the form of each invoice submitted, without any dispute, rejection, return, or objection made thereto or to any item set forth therein.

33. As reflected in the MSA Invoices as to which Defendants never disputed, rejected returned or objected to, the amount due and owing to PPMG thereunder is $3,114,487.47, in addition to such other costs and damages to which it is entitled.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Unjust Enrichment/Quantum Meruit on Behalf of PPMG)

34. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

35. Defendants were enriched by the Services provided by PPMG, and by PPMG's payment of reasonable expenses incurred in connection therewith, to PPMG's detriment, as Defendants have failed to pay therefor.

36. The circumstances thus make it inequitable for Defendants to retain the benefit of the Services and Administrative Services provided (and reasonable expenses incurred by Plaintiffs in connection therewith) without paying PPMG value in return.

37. The fair value of the benefit of the Services and expenses incurred by PPMG for the benefit of Defendants is at least $3,114,487.47, which amount is now due and owing to PPMG in addition to interest, costs of suit (including attorney's fees) and such other appropriate damages.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Breach of Contract on Behalf of PPAS)

38. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

39. Under the terms of the Credit Agreement, Borrowers were obligated to pay PPAS fees for, and to reimburse PPAS for reasonable expenses incurred in connection with, the Administrative Services and the Guarantors secured the Borrowers' obligations.

40. PPAS duly provided the Administrative Services and incurred reasonable expenses in connection therewith, and has otherwise performed all of its obligations under the

Credit Agreement, and is thereby entitled to payment for the Administrative Services, reimbursement of its reasonable expenses incurred, and interest in connection therewith, all as provided for in the Credit Agreement.

41. Defendants have failed to pay for the Administrative Services rendered and reasonable expenses incurred therewith in an amount of at least $375,000, in material breach of the Credit Agreement.

42. As a direct and proximate result of Defendants' material breach of the Credit Agreement, PPAS has suffered, and continues to suffer, injury, including damages of at least $375,000, in addition to applicable interest, costs of suit (including attorney's fees) and other damages to which it is entitled.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(Account Stated on Behalf of PPAS)**

43. Plaintiffs repeat and reallege the foregoing paragraphs as if fully stated herein.

44. PPAS provided the Administrative Services to Defendants and incurred reasonable expenses in connection therewith, and duly presented its statement of account regularly as set forth in the Credit Agreement Invoice submitted to Defendants.

45. Defendants received and retained each such statement of account in the form of each invoice submitted, without any dispute, rejection, return, or objection made thereto or to any item set forth therein.

46. As reflected in the Credit Agreement Invoice as to which Defendants never disputed, rejected returned or objected to, the amount due and owing to PPAS thereunder is $375,000, in addition to such other costs and damages to which it is entitled.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in favor of Plaintiffs and against Defendants on each of Plaintiffs' causes of action, in addition to applicable interest, such incidental and consequential damages as may be applicable, costs of suit, including reasonable attorney's fees, and such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        July 14, 2020

ALLEGAERT BERGER & VOGEL LLP

By:  /s/ David A. Berger
     David A. Berger
     John S. Craig
     Bianca Lin

111 Broadway, 20th Floor
New York, New York 10006
(212) 571-0550

*Attorneys for Plaintiffs*
*Patriarch Partners Management Group, LLC and*
*Patriarch Partners Agency Services, LLC*

SUPREME COURT OF THE STATE OF NEW YORK                COUNTY OF NEW YORK

**Plaintiff / Petitioner:**
PATRIARCH PARTNERS MANAGEMENT GROUP, LLC, AND
PATRIARCH PARTNERS AGENCY SERVICES, LLC

**AFFIDAVIT OF SERVICE**

Index No: 653095/2020

**Defendant / Respondent:**
IMG HOLDINGS, INC., DANA CLASSIC FRAGRANCES, INC, INTER-MARKETING GROUP, INC., DANA FRAGRANCE BRANDS, LLC, IMG FRAGRANCE BRANDS, LLC AND ST. HONORE HOLDING, INC.

The undersigned being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at 421 N 7TH ST SUITE 422, PHILADELPHIA, PA 19123. That on Tue, Jul 28 2020 AT 11:41 AM AT 251 LITTLE FALLS DR, WILMINGTON, DE 19808 deponent served the within SUMMONS, COMPLAINT, AND NOTICE OF ELECTRONIC FILING on DANA CLASSIC FRAGRANCES, INC on the Registered Agent Corporation Service Company

- [ ] **Individual:** by delivering a true copy of each to said defendant, personally; deponent knew the person so served to be the person described as said defendant therein.
- [X] **Corporation:** DANA CLASSIC FRAGRANCES, INC a defendant, therein named, by delivering a true copy of each to An Individual adult male personally, deponent knew said corporation so served to be the corporation described, and knew said individual to be Security Agent/Authorized to accept service thereof.
- [ ] **Suitable Person:** by delivering thereat, a true copy of each to _____ a person of suitable age and discretion.
- [ ] **Affixing to Door:** by affixing a true copy of each to the door thereof, deponent was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at
- [ ] **Mailing:** Deponent also enclosed a copy of same, in a postpaid sealed wrapper properly addressed to said defendant at defendant's last known residence, _____, and depositing said wrapper in a post office, official depository under the exclusive care and custody of the United States Post Office, department, with New York State. Mailed on _____.
- [ ] **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. *Defendant wore ordinary civilian clothes and no military uniform.* The source of my information and the ground of my belief are the conversations and observations above narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**
Age: 50s   Ethnicity: African American   Gender: Male   Weight: 220
Height: 6'   Hair: Bald   Eyes: Brown   Relationship: Security Agent
Other: Due to current conditions security are the only personnel on site. CSC Corp does not provide names of employees for service of process

_____
MARTIN A ETTORRE

Sworn to before me on 7/28/20

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CHRISTINA GRIEB, Notary Public
City of Philadelphia, Phila. County
My Commission Expires Jun_, 2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**Plaintiff / Petitioner:**
PATRIARCH PARTNERS MANAGEMENT GROUP, LLC, AND
PATRIARCH PARTNERS AGENCY SERVICES, LLC

**Defendant / Respondent:**
IMG HOLDINGS, INC., DANA CLASSIC FRAGRANCES, INC, INTER-MARKETING GROUP, INC., DANA FRAGRANCE BRANDS, LLC, IMG FRAGRANCE BRANDS, LLC AND ST. HONORE HOLDING, INC.

**AFFIDAVIT OF SERVICE**

Index No: 653095/2020

The undersigned being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at 421 N 7TH ST SUITE 422, PHILADELPHIA, PA 19123. That on Tue, Jul 28 2020 AT 11:44 AM AT 251 LITTLE FALLS DR, WILMINGTON, DE 19808 deponent served the within SUMMONS, COMPLAINT, AND NOTICE OF ELECTRONIC FILING on IMG FRAGRANCE BRANDS, LLC on the Registered Agent Corporation Service Company

[ ] **Individual:** by delivering a true copy of each to said defendant, personally; deponent knew the person so served to be the person described as said defendant therein.

[X] **Corporation:** IMG FRAGRANCE BRANDS, LLC a defendant, therein named, by delivering a true copy of each to An Individual adult male personally, deponent knew said corporation so served to be the corporation described, and knew said Individual to be Security Agent/Authorized to accept service thereof.

[ ] **Suitable Person:** by delivering thereat, a true copy of each to _____ a person of suitable age and discretion.

[ ] **Affixing to Door:** by affixing a true copy of each to the door thereof, deponent was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

[ ] **Mailing:** Deponent also enclosed a copy of same, in a postpaid sealed wrapper properly addressed to said defendant at defendant's last known residence, _____, and depositing said wrapper in a post office, official depository under the exclusive care and custody of the United States Post Office, department, with New York State. Mailed on _____

[ ] **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. *Defendant wore ordinary civilian clothes and no military uniform.* The source of my information and the ground of my belief are the conversations and observations above narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**
Age: 50s   Ethnicity: African American   Gender: Male   Weight: 220
Height: 6'   Hair: Bald   Eyes: Brown   Relationship: Security Agent
Other: Due to current conditions security are the only personnel on site. CSC Corp does not provide names of employees for service of process.

MARTIN A ETTORRE

Sworn to before me on 7/28/20
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CHRISTINA GRIEB, Notary Public
City of Philadelphia, Phila. County
My Commission Expires June 1, 2021

Attorney(s) Allegaert Berger & Vogel LLP
Index # 653095/2020
Purchased/Filed: July 14, 2020
State of New York
Court: Supreme
County: New York

## AFFIDAVIT OF SERVICE - SECRETARY OF STATE

Patriarch Partners Management Group LLC et al

Plaintiff(s)

against

Img Holdings Inc et al

Defendant(s)

STATE OF NEW YORK )
COUNTY OF ALBANY ) SS
CITY OF ALBANY )

**DESCRIPTION OF PERSON SERVED:**

Approx. Age: 55 yrs
Weight: 120 lbs  Height: 5' 1"  Sex: Female  Color of skin: White
Hair color: Brown  Other:

Robert Guyette, being duly sworn, deposes and says: deponent is over the age of eighteen (18) years; is not a party to this action, and resides in the State of NY, and that on July 31, 2020, at 12:45PM, at the office of the Secretary of State of the State of NY, located at 99 Washington Ave, 6th Fl, Albany, New York 12231 deponent served:

**Summons and Complaint with Notice of Electronic Filing**

on

**Img Holdings Inc**

the Defendant in this action, by delivering to and leaving with Nancy Dougherty AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the Office of the Secretary of State of the State of New York, two (2) true copies thereof and that at the time of making such service, deponent paid said Secretary of State a fee of $40 dollars; That said service was made pursuant to Section BUSINESS CORPORATION LAW §306.

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said defendant.

Sworn to before me on this

31st day of July 2020

FAITH COZZY
NOTARY PUBLIC, State of New York
No. 01CO6158874, Albany County
Commission Expires Jan 8, 2023

Robert Guyette
Invoice·Work Order # 2020904
Attorney File # Patriarch Partners

SUPREME COURT OF THE STATE OF NEW YORK  COUNTY OF NEW YORK

Plaintiff / Petitioner:
PATRIARCH PARTNERS MANAGEMENT GROUP, LLC, AND
PATRIARCH PARTNERS AGENCY SERVICES, LLC

**AFFIDAVIT OF SERVICE**
Index No:
653095/2020

Defendant / Respondent:
IMG HOLDINGS, INC., DANA CLASSIC FRAGRANCES, INC, INTER-MARKETING GROUP, INC., DANA FRAGRANCE BRANDS, LLC, IMG FRAGRANCE BRANDS, LLC AND ST. HONORE HOLDING, INC.

The undersigned being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at 421 N 7TH ST SUITE 422, PHILADELPHIA, PA 19123. That on Tue, Jul 28 2020 AT 11:46 AM AT 251 LITTLE FALLS DR, WILMINGTON, DE 19808 deponent served the within SUMMONS, COMPLAINT, AND NOTICE OF ELECTRONIC FILING on ST. HONORE HOLDING, INC. on the Registered Agent Corporation Service Company

☐ Individual: by delivering a true copy of each to said defendant, personally; deponent knew the person so served to be the person described as said defendant therein.

☒ Corporation: ST. HONORE HOLDING, INC. a defendant, therein named, by delivering a true copy of each to An Individual adult male personally, deponent knew said corporation so served to be the corporation described, and knew said individual to be Security Agent/Authorized to accept service thereof.

☐ Suitable Person: by delivering thereat, a true copy of each to _____ a person of suitable age and discretion.

☐ Affixing to Door: by affixing a true copy of each to the door thereof, deponent was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

☐ Mailing: Deponent also enclosed a copy of same, in a postpaid sealed wrapper properly addressed to said defendant at defendant's last known residence, _____ and depositing said wrapper in a post office, official depository under the exclusive care and custody of the United States Post Office, department, with New York State. Mailed on _____.

☐ Military Service: I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. *Defendant wore ordinary civilian clothes and no military uniform.* The source of my information and the ground of my belief are the conversations and observations above narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Description:
Age: 50s   Ethnicity: African American   Gender: Male   Weight: 220
Height: 6'   Hair: Bald   Eyes: Brown   Relationship: Security Agent
Other: Due to current conditions security are the only personnel on site. CSC Corp does not provide names of employees for service of process

Sworn to before me on 7/28/20

MARTIN A ETTORRE

Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CHRISTINA GRIEB, Notary Public
City of Philadelphia, Phila. County
My Commission Expires June 1, 2021

SUPREME COURT OF THE STATE OF NEW YORK                           COUNTY OF NEW YORK

**Plaintiff / Petitioner:**
PATRIARCH PARTNERS MANAGEMENT GROUP, LLC, AND PATRIARCH PARTNERS AGENCY SERVICES, LLC

**Defendant / Respondent:**
IMG HOLDINGS, INC., DANA CLASSIC FRAGRANCES, INC, INTER-MARKETING GROUP, INC., DANA FRAGRANCE BRANDS, LLC, IMG FRAGRANCE BRANDS, LLC AND ST. HONORE HOLDING, INC.

**AFFIDAVIT OF SERVICE**

Index No: 653095/2020

The undersigned being duly sworn, deposes and says: deponent is not a party herein, is over 18 years of age and resides at 421 N 7TH ST SUITE 422, PHILADELPHIA, PA 19123. That on Tue, Jul 28 2020 AT 11:38 AM AT 251 LITTLE FALLS DR, WILMINGTON, DE 19808 deponent served the within SUMMONS, COMPLAINT, AND NOTICE OF ELECTRONIC FILING on DANA FRAGRANCE BRANDS, LLC on the Registered Agent Corporation Service Company

☐ **Individual:** by delivering a true copy of each to said defendant, personally; deponent knew the person so served to be the person described as said defendant therein.

☒ **Corporation:** DANA FRAGRANCE BRANDS, LLC a defendant, therein named, by delivering a true copy of each to An Individual adult male personally, deponent knew said corporation so served to be the corporation described, and knew said individual to be Security Agent/Authorized to accept service thereof.

☐ **Suitable Person:** by delivering thereat, a true copy of each to _____ a person of suitable age and discretion.

☐ **Affixing to Door:** by affixing a true copy of each to the door thereof, deponent was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

☐ **Mailing:** Deponent also enclosed a copy of same, in a postpaid sealed wrapper properly addressed to said defendant at defendant's last known residence, _____, and depositing said wrapper in a post office, official depository under the exclusive care and custody of the United States Post Office, department, with New York State. Mailed on _____.

☐ **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. *Defendant wore ordinary civilian clothes and no military uniform.* The source of my information and the ground of my belief are the conversations and observations above narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**
Age: 50s   Ethnicity: African American   Gender: Male   Weight: 220
Height: 6'   Hair: Bald   Eyes: Brown   Relationship: Security Agent
Other: Due to current conditions security are the only employees on site. CSC Corp does not provide names of employees for service of process

_____   Sworn to before me on 7/28/20
MARTIN A ETTORRE                Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CHRISTINA GRIEB, Notary Public
City of Philadelphia, Phila. County
My Commission Expires June 1, 2021